IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RAY RAMIREZ-BUENO,

      Plaintiff,

v.                                              CIVIL ACTION NO. 1:23-00445

LT. C. LOONEY, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on September 11, 2025.  See ECF No. 63.  In that PF&R, he recommends that this court grant defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment[;]" dismiss plaintiff's amended complaint; and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R.  Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's

disposition to which specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Furthermore, de novo review is not required and is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to de novo review.").

"A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections to a PF&R, courts are "under an obligation to read a pro se

2

litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). Nevertheless, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, No. 2:09-0085, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

After receiving an extension of time to do so, see ECF No. 66, Ramirez-Bueno filed timely objections to the PF&R. See ECF No. 67.

## I.   Background

This case arises from the alleged use of excessive force on Ramirez-Bueno, a former inmate at Federal Correctional Institution ("FCI") McDowell, on June 10, 2021. Plaintiff brings this suit against various prison officials at FCI McDowell, alleging violations of his Eighth Amendment right against cruel and unusual punishment pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). He also contends that defendants "fabricated" incident reports to cover up their use of excessive force.

Magistrate Judge Aboulhosn recommended dismissing plaintiff's Bivens claims against all defendants based upon plaintiff's failure to fully exhaust his administrative remedies

3

prior to filing suit.  The PF&R also explained that Ramirez-Bueno's challenge to his disciplinary proceedings is barred for various reasons.  Finally, Magistrate Judge Aboulhosn recommended that plaintiff's Bivens claims be dismissed as they would mark an impermissible expansion of Bivens liability.

Plaintiff's objections, while lengthy, are in large part unresponsive to the PF&R's specific findings.  For example, plaintiff "objects to the magistrate judge's proposed findings and recommendations as willful blindness of an agencys [sic] unethical and degrading policy and respect for human dignity and basic human rights."  ECF No. 67 at 5.  He also tries to argue the merits of his excessive force claim.  To the extent Ramirez-Bueno raises general, non-responsive objections to the dismissal of his claims, those objections are **OVERRULED.**

## II.  Discussion

A plaintiff seeking money damages from a federal official for violation of his or her constitutional rights faces an uphill battle.  For starters, there is no federal statute allowing them to do so.  See Mays v. Smith, 70 F.4th 198, 202 (4th Cir. 2023) ("Although § 1983 gives plaintiffs the statutory authority to sue state officials for money damages for constitutional violations, . . . there is no statutory counterpart to sue federal officials.").  In 1971, "[i]n Bivens v. Six Unknown Fed.

4

Narcotics Agents, 403 U.S. 388, . . . the [Supreme] Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." Hernandez v. Mesa, 589 U.S. 93, 99 (2020). Regarding the origin of the Bivens remedy, our appeals court explained:

> Before Bivens, plaintiffs had the statutory authority under 42 U.S.C. § 1983 to sue state officials for money damages when the officials violated plaintiffs' constitutional rights under color of state law. But no statutory counterpart existed for plaintiffs to sue federal officials for money damages for violating their constitutional rights.
>
> In Bivens, the Supreme Court held for the first time that even though Congress had not provided any statutory authority for such actions, the plaintiff had an implied cause of action under the Fourth Amendment that entitled him to sue federal officials for money damages arising from an unreasonable search and seizure. Even though the Fourth Amendment provided no such remedy explicitly, the Court found that a remedy was implied under general princip[les] of federal jurisdiction to redress wrongs that otherwise would have been left unredressed.

Tate v. Harmon, 54 F.4th 839, 843 (4th Cir. 2022).

"The Court subsequently extended Bivens to cover two additional constitutional claims: in Davis v. Passman, 442 U.S. 28 (1979), a former congressional staffer's Fifth Amendment claim of dismissal based on sex, and in Carlson v. Green, 446 U.S. 14 (1980), a federal prisoner's Eighth Amendment claim for failure

5

to provide adequate medical treatment.  After those decisions, however, the Court changed course." Hernandez, 589 U.S. at 99. "[I]n the 42 years following Carlson, which was decided in 1980, the Court has consistently rebuffed every request . . . to find implied causes of action against federal officials for money damages under the Constitution." Tate, 54 F.4th at 843 (quotations omitted).  "And in the last 5 years in particular, it has handed down a trilogy of opinions not only expressing regret over its Bivens cases but also demonstrating hostility to any expansion of them." Id.

Of this change in course, the Court explained:

> Bivens, Davis, and Carlson were the products of an era when the Court routinely inferred causes of action that were not explicit in the text of the provision that was allegedly violated.
>
> * * *
>
> In later years, we came to appreciate more fully the tension between this practice and the Constitution's separation of legislative and judicial power.  The Constitution grants legislative power to Congress; this Court and the lower federal courts, by contrast, have only "judicial Power."  Art. III, § 1. But when a court recognizes an implied claim for damages on the ground that doing so furthers the purpose of the law, the court risks arrogating legislative power.  No law pursues its purposes at all costs.

Hernandez, 589 U.S. at 99-100 (cleaned up).  As the Court succinctly put it, "a federal court's authority to recognize a

6

damages remedy must rest at bottom on a statute enacted by
Congress . . . and no statute expressly creates a Bivens remedy."
Id. at 101.

Although the Court did not overrule the three Bivens cases,
it "did, however, impose a highly restrictive analysis for Bivens
cases by (1) narrowing the precedential scope of Bivens, Davis,
and Carlson and (2) imposing a broad standard of criteria that,
if satisfied, require courts to reject any expansion of Bivens
remedies."  Tate, 54 F.4th at 844.  Accordingly, the implied
cause of action is carefully restricted to the three types of
"Bivens cases" established in Bivens, Davis, and Carlson, and it
is a "disfavored judicial activity" for a court to extend the
implied cause of action to any "new context."  Hernandez, 589
U.S. at 101-02.  When determining whether to allow a Bivens claim
to proceed, courts should conduct a two-step inquiry:  first, the
court should "ask whether the case presents 'a new Bivens
context'—i.e., is it 'meaningful[ly]' different from the three
cases in which the Court has implied a damages action."  Egbert
v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar v. Abbasi, 582
U.S. 120, 139 (2017)).  Second, "if a claim arises in a new
context, a Bivens remedy is unavailable if there are 'special
factors' indicating that the Judiciary is at least arguably less
equipped than Congress to 'weigh the costs and benefits of

7

allowing a damages action to proceed.'"  Id. (quoting Ziglar, 582 U.S. at 136).

As to the first step, the Supreme Court's "understanding of a new context is broad," requiring only some "meaningful" difference from a previous Bivens case."  Tate, 54 F.4th at 844 (internal quotation marks and citations omitted).  "If, following the first step, the court finds that a claim arises in a 'new context' and thus is different from the three Bivens cases, it must proceed to the 'second step and ask whether there are any special factors that counsel hesitation about granting the extension' of Bivens."  Id. (quoting Hernandez, 589 U.S. at 102). Although the court has not "create[d] an exhaustive list of factors that may provide a reason not to extend Bivens," it has explained that "separation-of-powers principles" are "central to [the] analysis."  Hernandez, 589 U.S. at 102.

"Against this now critical condition of Bivens jurisprudence and the caution that the Court has mandated when applying it, courts are clearly warned to act with utmost hesitation when faced with actions that do not fall precisely under Bivens, Davis, or Carlson."  Tate, 54 F.4th at 845.  In summary, the tide has turned against Bivens and "the Supreme Court all but closed the door on Bivens remedies."  Dyer v. Smith, 56 F.4th 271, 277 (4th Cir. 2022).

It is against this backdrop that plaintiff attempts to bring his Bivens claim alleging the use of excessive force in violation of the Eighth Amendment.  As the PF&R explained, Ramirez-Bueno's claim arises in a new context because the Court has never recognized an Eighth Amendment excessive force claim.  And, even though Carlson was based on a violation of the Eighth Amendment, the Eighth Amendment claim raised herein is markedly different.  See Hernandez, 589 U.S. at 103 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.").  Given that Ramirez-Bueno's claims arise in a new context, the court must consider whether there are special factors that counsel hesitation.  The PF&R expanded on this special-factors analysis at great length and the court adopts the reasoning contained therein.

Furthermore, the "[c]ourt need not engage in a detailed analysis regarding whether an inmate's claim of excessive force against a federal correctional officer and supervisory officials constitutes a new Bivens context and, if it does, whether special factors counsel for or against extending the Bivens remedy.  Such analysis is unnecessary because the Supreme Court answered both questions definitively in Goldey v. Fields, 606 U.S. 942 (2025) (per curiam)."  Bibbs v. Director BOP Collette Peters, 1:25-CV-

00115-RAL, 2026 WL 836280, at *4 (W.D. Pa. Mar. 26, 2026).

According to the Court:

>       This case arises in a new context, and special factors counsel against recognizing an implied Bivens cause of action for Eighth Amendment excessive-force violations.  To begin with, Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory case of action for money damages.  In addition, extending Bivens to allow an Eighth Amendment claim for excessive force could have negative systemic consequences for prison officials and the inordinately difficult undertaking of running a prison.  Moreover, an alternative remedial structure already exists for aggrieved federal prisoners.  The existence of such alternative remedial procedures counsels against allowing Bivens suits even if such procedures are not as effective as an individual damages remedy.

>       For the past 45 years, this Court has consistently declined to extend Bivens to new contexts.  We do the same here.

Goldey, 606 U.S. at 944-45 (cleaned up).  Following Goldey, courts have routinely dismissed Eighth Amendment excessive force claims against federal officials.  See, e.g., Gerald v. Bowls, Case No. 7:24-cv-00709, 2026 WL 252705, at *3 (W.D. Va. Jan. 30, 2026) (dismissing Eight Amendment excessive force claim because "there is nothing to meaningfully distinguish Plaintiff's proposed Bivens claims from the claims that the Supreme Court soundly rejected in Goldey"); Johnson v. Benny, Civil Action No. 3:24CV375, 2025 WL 3216648, at *3 (E.D. Va. Nov. 18, 2025) (concluding that "Bivens is not a cognizable remedy for"

10

plaintiff's Eighth Amendment excessive force claim); Washington v. Fed. Bureau of Prisons Cent. Off./Gen. Counsel, Civil No. 3:23-cv-515, 2025 WL 2699937, at *8 (M.D. Pa. Sept. 22, 2025) ("The Supreme Court's decision in Goldey forecloses any cognizable Eighth Amendment excessive force claim in this case."); Gerald v. Thurber, Case No. 7:24-cv-00420, 2025 WL 2664094, at *3 (W.D. Va. Sept. 17, 2025) ("The Supreme Court's decision in Goldey forecloses any cognizable Bivens action in this [Eighth Amendment excessive force] case."); Harris v. Federal Bureau of Prisons, Case No. 2:23-cv-06282-DCC, 2025 WL 2550517, at *4 (D.S.C. Sept. 4, 2025), aff'd, 2026 WL 509341 (4th Cir. Feb. 24, 2026") ("[I]t is clear that Bivens does not extend to excessive force claims like the ones made by Plaintiff."); Carthen v. Lafave, Case No. 7:22-cv-00201, 2025 WL 1870929, at *3 (W.D. Va. July 7, 2025) (dismissing federal inmate's excessive force claim against federal officers because "Carthen's claim of excessive force is barred by the Supreme Court's recent decision in Goldey v. Fields").

In his objections, plaintiff argues that his "cause of action falls squarely in Carlson v. Green . . . [and] thus, it does not arise in a new context." ECF No. 67 at 24. Plaintiff is wrong; his case is nothing like Carlson which involved a failure to provide adequate medical care. A review of his

11

objections on the current state of <u>Bivens</u> jurisprudence, <u>see</u> <u>id.</u> at 24-28, confirms that he just does not agree with the current state of the law.  He fails to provide any meaningful distinction between his case and the Eighth Amendment excessive force case in <u>Goldey</u>.  His objections are **OVERRULED**.

Insofar as Ramirez-Bueno contends that the filing of false disciplinary charges is a constitutional violation, that argument fails.  "The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights."  <u>Lewis v. Viton</u>, Civil Action No. 07-3663 (JAP), 2007 WL 2362587, at *9 (D.N.J. Aug. 14, 2007).  In <u>Lee v. Bishoff</u>, the court considered a claim similar to that raised by Ramirez-Bueno; i.e., that that prison officials created false disciplinary reports "after the fact to justify the calculated use of force and his placement in ambulatory restraints."  Civil Action No. 5:21-CV-54 Judge Bailey, 2022 WL 2181798, *7 (N.D.W. Va. June 16, 2022) (internal quotation marks omitted).  The <u>Lee</u> court dismissed the plaintiff's claim because "[t]here is simply no constitutional right to be free from being falsely accused."  <u>Id.</u>  Numerous other courts have concluded as much.  <u>See</u> <u>id.</u> and authorities cited therein.  To the extent that plaintiff's <u>Bivens</u> claim relies on the filing of disciplinary charges, it is dismissed.

Because the merits of Ramirez-Bueno's claim are straightforward, the court need not reach the exhaustion issue. See Mays v. Smith, 70 F.4th 198, 201 n.2 (4th Cir. 2023) ("Because administrative exhaustion in this context is not a jurisdictional requirement, we can proceed directly to the merits of Mays's Bivens claims."); Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) ("And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question."); Coffie v. Warden, FCI Cumberland, Civ. No. DLB-24-2837, 2025 WL 2695716, at *4 (D. Md. Sept. 22, 2025) ("The Court need not decide whether Coffie Gonzalez has properly exhausted his administrative remedies because his petition fails on the merits and must be dismissed.").

### III.  Conclusion

The court has reviewed the record, the magistrate judge's PF&R, and plaintiff's objections.  For the reasons discussed above, the objections are **OVERRULED** and the court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn. Defendants' "Motion to Dismiss, or in the Alternative, Motion for

Summary Judgment" is **GRANTED,** plaintiff's amended complaint is **DISMISSED,** and the Clerk is directed to remove this case from the court's active docket.

   **IT IS SO ORDERED** this 31st day of March, 2026.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge

14